## JOHNSON v. ALEXANDER, et ux.

Circuit Court, Palm Beach County.

July 20, 1954.

Bullock & Martin, Lake Worth, for plaintiff.

E. B. Donnell, West Palm Beach, for defendants.

C. E. CHILLINGWORTH, Circuit Judge.

This cause was duly tried by the court. Plaintiff seeks to cancel a deed executed by her late father. Title to the property vested in her mother and father, as an estate by entirety. The mother was declared incompetent some ten years ago and has been in various mental institutions ever since. Her father executed a deed to the defendant the day before he died. The mother of the plaintiff, of course, did not join in the deed and knew nothing about it. On his death title vested in the mother and ward of plaintiff.

Plaintiff seeks to cancel that deed on the theory that the husband had no power to convey the property while his wife was alive. The defendant asserts that she went on the land in good faith and spent some $1,400 in repairs, maintenance, upkeep, replacement of the roof, replacement of the pump, installation of certain plumbing, clearing of certain land and labor in planting coconuts, and other general repair work about the house, for which she seeks reimbursement.

The evidence shows that the rental value of the property varied between approximately $420 to $1,000 a year. The defendant has been in possession about four years. While I have grave doubt that

she is entitled to any lien or claim against the land, which in fact belongs to the mother of the plaintiff, it is clear that the portion of the expenditures which enhances the value of the property fails to equal even the fair rental value thereof.

It is ordered that the equities of this cause are with the plaintiff; that the motion to dismiss the complaint, contained in the answer, be denied; that the counterclaim be dismissed; that the deed executed by A. E. Brazier, dated June 19, 1950 and recorded in deed book 911, page 465, public records of Palm Beach County, describing land in Palm Beach County, particularly as follows: lots A, B, C, D and E in block 12 of section 30, township 44 south, range 43 east, according to the Palm Beach Farms Company Plat No. 7, recorded in plat book 5, page 72, public records of Palm Beach County; be canceled; that the defendant be decreed to have no interest or claim in said land; that title to the land be decreed to vest in Dorothy Brazier; that the defendant deliver possession of the property to plaintiff; that the costs of this cause be taxed against the defendant; and that jurisdiction of this cause be retained for the purpose of enforcing this decree.